UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY HURNI,

        Plaintiff,

                                                Civil Case No. 14-13957

v.                                                Honorable Linda V. Parker

BANK OF AMERICA, N.A.,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT MOTION TO WITHDRAW AS COUNSEL

Plaintiff Jerry Hurni is suing Defendant Bank of America, N.A. asserting improprieties in the foreclosure of his home. In his Complaint, filed with the assistance of counsel in state court and removed to federal court on the basis of diversity jurisdiction, Plaintiff asserts the following "claims": (I) wrongful foreclosure; (II) "failure to negotiate a loan modification"; (III) eligibility for loan modification pursuant to Michigan Compiled Laws § 600.3204(4)(f); and (IV) "injunctive relief, temporary restraining order, and order to show cause[.]"

Presently before the Court is Defendant's motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 2, 2016. (ECF No. 10.) Defendant's motion was served on Plaintiff's counsel through the Court's electronic filing system on the date it was filed. In accordance with Federal Rule

of Civil Procedure 6(d) and Eastern District of Michigan Local Rule 7.1(e), Plaintiff's response to the motion was due on or before February 26, 2016. Nevertheless, Plaintiff has not responded to the motion. On March 1, 2016, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Defendant's motion pursuant to Eastern District of Michigan Local Rule 7.1(f). (ECF No. 11.) More than three weeks later, Plaintiff's counsel filed a motion to withdraw as counsel. (ECF No. 12.)

For the reasons set forth below, the Court is granting Defendant's motion and dismissing this action with prejudice. Plaintiff's counsel's motion to withdraw therefore is moot.

## I. Rule 12(b)(6) Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not

"suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th

3

Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II. Background

On September 29, 2006, Plaintiff entered into a residential mortgage loan transaction with HLB Mortgage ("Lender") related to property located at 1782 Ring Neck Drive, Rochester, Michigan ("Property"). (ECF No. 10, Ex. A.) As part of this transaction, Plaintiff obtained a loan in the amount of $373,500.00 and, as security for the loan, Plaintiff and his wife executed a mortgage on the Property ("Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Lender and Lender's successors and assigns. (*Id*., Exs. A, B.)

On February 10, 2011, MERS executed a written assignment of the Mortgage to Deutsche Bank National Trust Company ("Deutsche Bank") as Trustee for the Certificateholders of ISAC 2006-5, Mortgage Pass-Through

Certificates, Series 2006-5. (*Id.*, Ex. C.) On April 8, 2014, Deutsche Bank as Trustee for the Certificateholders of ISAC 2006-5, Mortgage Pass-Through Certificates, Series 2006-5 executed a written assignment of the Mortgage to Deutsche Bank as Trustee under the Pooling and Servicing Agreement Related to Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-5 ("Deutsche"). (*Id.*, Ex. D.)

In the meantime, beginning sometime in 2010, Plaintiff attempted to obtain a loan modification from Defendant.[1] (Compl. ¶ 10.) Plaintiff alleges that Defendant repeatedly assured Plaintiff that he would be considered for a loan modification and receive an answer regarding his application. (*Id.* ¶ 12.) He claims, however, that Defendant never made a decision. (*Id.* ¶ 13.) At some point in time, Plaintiff fell behind on his monthly mortgage payments. (*Id.* ¶ 14.) In March 2011, he received a notice from Trott & Trott, P.C. stating that he was in default and that foreclosure proceedings were going to be commenced. (Compl., Ex. A. ¶ 10.)

Plaintiff thereafter filed a lawsuit in state court to stop the foreclosure and sheriff sale. (Compl. ¶ 22.) According to Plaintiffs, in 2012, the parties agreed to

---

[1] In an affidavit attached to his Complaint, Plaintiff alleges that his loan was with Countrywide Home Loans, Inc., which subsequently was acquired by Bank of America. (Compl., Ex. A ¶¶ 4, 6.) While the lending documents reflect otherwise (ECF No. 10, Ex. A), this is not a fact relevant to whether Defendant is entitled to dismissal of Plaintiff's claims.

dismiss the lawsuit and Defendant agreed to consider Plaintiff for a loan modification. (*Id.*¶ 24.) Plaintiff alleges that he nevertheless never received a decision from Defendant regarding his eligibility for a modification. (*Id.* ¶ 25.)

In the meantime, on November 2, 2011, Plaintiff and his wife filed for Chapter 7 bankruptcy. (ECF No. 10, Ex. E.) Plaintiff disclosed the Loan as a debt in his bankruptcy petition; however, he did not list any claims he may have had against Defendant (or Deutsche) in that petition. (*Id.*) On February 7, 2012, Plaintiff and his wife received an order of discharge in the bankruptcy. (*Id.*, Ex. F.) Deutsche received an order of relief from the automatic bankruptcy stay on June 11, 2012, in order to proceed with foreclosure proceedings against the Property. (*Id.*, Ex. G.)

Deutsche thereafter reinitiated foreclosure by advertisement proceedings against the Property in late July or early August 2014. (*Id.*, Ex. H at Pg ID 195-196.) A sheriff's sale was held on September 2, 2014, where Deutsche purchased the Property for $334,050.00 and received a Sheriff's Deed on Mortgage Sale. (*Id.* at Pg ID 192.) The statutory redemption period expired on March 2, 2015, with Plaintiff failing to redeem.

Plaintiff filed this lawsuit in state court on August 29, 2014. In his Complaint, Plaintiff alleges that Defendant wrongfully foreclosed on the Property

and violated Michigan law, specifically Michigan Compiled Laws §§ 600.3204(4) and .3205, by failing to negotiate a loan modification.

## III. Applicable Law and Analysis

As an initial matter, any claims Plaintiff asserts with respect to conduct preceding his discharge from bankruptcy are barred on judicial estoppel grounds due to his failure to disclose those claims in bankruptcy. *See Riddle v. Chase Home Finance*, No. 09-11182, 2010 WL 3504020, at *3-5 (E.D. Mich. Sept. 2, 2010) (unpublished) (applying judicial estoppel to preclude claims arising from the defendant's failure to modify the plaintiff's loan which were not included on the plaintiff's bankruptcy petition) ; *see also Bullard v. Indymac Bank FSB*, No. 09-12839, 2012 WL 4134839, at *6-7 (E.D. Mich. Sept. 18, 2012) (unpublished) (same). Judicial estoppel is not a complete bar to Plaintiff's claims, however, because he also alleges that Defendant failed to modify the Loan subsequent to the bankruptcy discharge. Therefore, the Court turns to the merits of his claims.

Foreclosures by advertisement, as well as the rights of both the mortgagor and mortgagee after the foreclosure sale has occurred, are governed by statute under Michigan law. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (citing *Munaco v. Bank of America*, No. 12-1325, 2013 WL 362752, at *3 (6th Cir. Jan. 31, 2013) (unpublished)). After the sale of the foreclosed real property, the mortgagor is provided a six-month period in which to

redeem the property. *Id*. at 359. If the mortgagor fails to redeem before the redemption period expires, the mortgagor's "right, title, and interest in and to the property" are extinguished. *Id*. (citing *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942)); *see also* Mich. Comp. Laws § 600.3236. A court may set aside a completed foreclosure sale after the expiration of the redemption period only upon "a clear showing of fraud or irregularity" as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant. *Conlin*, 714 F.3d at 359-60 (internal quotation marks and citation omitted); *see also Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000). Moreover, demonstrating fraud or irregularity alone is not enough; the mortgagor also must demonstrate prejudice resulting from the fraud or irregularity. *Kim v. JP Morgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012); *see also Spadafore v. Aurora Loan Servs., LLC*, 564 F. App'x 168, 171 (6th Cir. 2014) (unpublished). "To demonstrate such prejudice, [the mortgagors] must show that they would have been in a better position to preserve their interest in the property absent [the] defendant's noncompliance with the statute." *Kim*, 825 N.W.2d at 337. This is a " 'high standard.' " *Conlin*, 714 F.3d at 360 (quoting *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 429-30 (6th Cir. 2013)).

    Plaintiff fails to allege any fraud or irregularity as to the foreclosure proceeding specifically. Rather, Plaintiff merely alleges that Defendant failed to

provide him with an answer with respect to his application for a loan modification and/or failed to approve him for a modification. " '[A]n alleged irregularity in the loan modification process[ ] does not constitute an irregularity in the foreclosure proceeding." [2] *Martini v. JP Morgan Chase Bank, N.A.*, -- F.3d --, 2015 WL 8479633, at *3 (6th Cir. 2015) (quoting *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 294 (6th Cir. 2015) (unpublished)). Additionally, Plaintiff fails to demonstrate prejudice resulting from Defendant's alleged improper conduct, as he does not assert that he was eligible for a modification of the loan.

Further, Plaintiff's assertion that Defendant violated Michigan law by failing to complete the loan modification process and send him an answer to his loan modification application is baseless. Even the repealed statute on which Plaintiff erroneously relies did not require Defendant to give Plaintiff a loan modification and did not provide Plaintiff the relief he seeks.[3] The statute in effect when the

---

[2] Plaintiff asserts that Defendant violated Michigan Compiled Laws § 600.3204(4) which precluded a party from commencing foreclosure by advertisement proceedings if the mortgagor has requested a loan modification meeting and provided documents requested and the bank has not met or negotiated with the mortgagor. (Compl. ¶ 42, quoting Mich. Comp. Laws § 600.3204(4).) This provision was repealed, however, effective June 19, 2014. The initial notice of foreclosure in this matter was sent on August 1, 2014. (ECF No. 10, Ex. H.) The version of the statute in effect at that time and currently does not preclude foreclosure based on the loan modification process.

[3] The prior version of the statute also did not give the homeowner the ability to set aside the foreclosure if the loan modification statute was not followed. Instead, the statute only provided that prior to the completion of the foreclosure sale, the (Cont'd . . . )

foreclosure process re-started certainly did not require Defendant to modify Plaintiff's loan or prevent Deutsche from pursuing foreclosure. *See* Mich. Comp. Laws § 600.3205.

For these reasons, Plaintiff's claims alleging wrongful foreclosure, failure to negotiate loan modification, and eligibility for loan modification are subject to dismissal. Plaintiff's final "claim" seeking injunctive relief does not state a separate cause of action but is a request for a remedy, which therefore must be dismissed as well. *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013) (unpublished); *see also Jarbo v. Bank of N.Y. Mellon*, 587 F. App'x 287, 290 (6th Cir. 2014) (unpublished) ("Like a request for an injunction or disgorgement, a request for quiet title is only cognizable when paired with some recognized cause of action.").

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's counsel's motion to

---

borrower could seek to convert the proceeding into one of judicial foreclosure. *See Pettiford v. J.P. Morgan Chase Bank, N.A.*, No. 2:12-cv-11349, 2013 WL 3724788, at *4 (E.D. Mich. July 15, 2013) (citing cases).

withdraw is **DENIED AS MOOT**.

                                                     s/ Linda V. Parker
                                                     LINDA V. PARKER
                                                     U.S. DISTRICT JUDGE

Dated: April 20, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 20, 2016, by electronic and/or U.S. First Class mail.

                                                     s/ Richard Loury
                                                     Case Manager